UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS GLEN WYRICK, ) | 1:05-CV-01194 OWW LJO HC | |
| Petitioner, ) | | |
| v. ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS | |
| ) | | |
| KATHY MENDOZA-POWERS, ) Acting Warden, | [Doc. #10] | |
| ) | | |
| Respondent. ) | | |

   Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Linda Buchalter, Esq. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

   On May 19, 2006, Respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction. On July 10, 2006, Petitioner filed an opposition to Respondent's motion to dismiss. On July 25, 2006, the Court issued a Findings and Recommendation which recommended that Respondent's motion to dismiss be granted. On August 3, 2006, Petitioner filed objections. On August 21, 2006, the Findings and Recommendation was withdrawn pending the Ninth Circuit's resolution of Sass v. California Board of Prison Terms, 376 F.Supp.2d 975 (E.D. Cal. 2005).

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of subject matter jurisdiction. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), cert. denied, 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d

1002, 1006 (9th Cir.2004); <u>Sass v. California Board of Prison Terms</u>, 376 F.Supp.2d 975, 978 (E.D. Cal. 2005); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Petitioner contends that his federal constitutional rights were violated when the BPT refused to grant a parole date for the sixth time at his parole hearing on August 24, 2004. He alleges the decision was arbitrarily made based on unchanging factors despite the fact he poses the lowest risk to public safety. He contends that the language of the California parole statutes creates a presumptive entitlement to, and thus has a liberty interest in, the setting of a parole release date. Respondent moves for summary dismissal alleging Petitioner has no protected liberty interest in parole, thus arguing that the Court is without jurisdiction to entertain this matter.

On August 31, 2006, the Ninth Circuit issued its opinion in <u>Sass v. California Board of Prison Terms</u>, ___ F.3d ___, 2006 WL 2506393 (9th Cir. 2006). The Ninth Circuit affirmed the district court's denial of the habeas petition finding the state courts' decisions upholding the petitioner's parole denials were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. <u>Id.</u>, at *1. However, the Ninth Circuit determined that the district court had misread the California Supreme Court case of <u>In re Dannenberg</u>, 34 Cal.4th 1061, 1087 (2005). <u>Sass</u>, 2006 WL 2506393, at *3. The Ninth Circuit held that there remained a constitutionally protected liberty interest in a parole date. <u>Id.</u>, at *4. Because California's parole statutes give rise to a protected liberty interest, Respondent's motion to dismiss must be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss for lack of subject matter jurisdiction be DENIED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1       Within ten (10) court days (plus three days if served by mail) after being served with a copy,
2 any party may file written objections with the court and serve a copy on all parties.  Such a document
3 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
4 the objections shall be served and filed within ten (10) court days (plus three days if served by mail)
5 after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
6 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
7 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
8 Cir. 1991).

9 IT IS SO ORDERED.

10 **Dated:    September 1, 2006**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE